NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| O.O.C., APPAREL, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ROSS STORES, INC., APPAREL : <br> TRANSPORTATION, INC., BAZAK : <br> INTERNATIONAL, INC., ELITE : <br> FREIGHT FORWARDERS, ABC CORP.,: <br> XYZ-CORP., et al. : <br> : <br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.  04-6409   (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Apparel Transportation Inc.'s ("Apparel's") motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  For the following reasons, Apparel's motion is **granted**.

## I. BACKGROUND

The instant action arises from Plaintiff O.O.C. Apparel's Inc.'s ("Plaintiff") Complaint seeking damages for alleged violations of the Trademark Act of 1946 ("The Lanham Act"), 15 U.S.C. § 1051, et seq.  Specifically, Plaintiff alleges that Apparel engaged in, inter alia, importation, distribution, delivery, sales and/or offering for sale of illegal and infringing counterfeit products which illegally contain the Sean John® Mark.  (See Complaint, ¶29.) Apparel is engaged in the business of "providing air, ocean and inland transportation services to

apparel and textile customers in the United States and Central America." (See Aff. of Leopoldo Del Calvo, ¶4). It is a wholly owned subsidiary of Crowley Transportation, having been acquired on July 1, 2003. (Del Calvo Aff. at ¶4). It is incorporated pursuant to the laws of the State of Florida, with a Miami, Florida address listed as its principal place of business. (Id. At ¶2). The customers of Apparel call directly or email, and Apparel then makes arrangements for shipment of the cargo of apparel. (Id. At ¶6).

Plaintiff's claim that Apparel carried out business activities in importing counterfeit Sean John® boxer shorts for its New Jersey client, JMW Sales of Totowa. Plaintiff further alleges Apparel both solicited business in New Jersey through its interactive website. (Pl. Opp Br. at 3).

## II. ANALYSIS

**A) Standard of Review**

When a defendant raises a jurisdictional defense, the burden shifts to plaintiff to demonstrate that the defendant had sufficient contacts with the forum state to support jurisdiction. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir.1992). The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir.1987)). The Third Circuit instructs that when a challenge to personal jurisdiction is raised, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," and "at no point may a plaintiff rely on the bare pleadings alone." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir.1984); see also Stranahan Gear Co., Inc. v. NL Indus., Inc., 800 F.2d 53, 58 (3d

Cir.1986). The Court must accept the plaintiff's allegations as true and construe all disputed facts in favor of the plaintiff. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 371 (3d Cir.2002).

Here, Defendant Apparel has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(2) for lack of in personam jurisdiction. As such, the burden is on Plaintiff to prove Apparel had sufficient contacts within New Jersey to support jurisdiction. Upon application of the relevant standard, this Court finds that it lacks in personam jurisdiction over the Defendant.

**B) Personal Jurisdiction**

Personal jurisdiction arises when a defendant "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).

*1) Specific Jurisdiction*

"Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of

or related to those activities." ' BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir.2000) (quoting Burger King, 471 U.S. at 472).  Here, Plaintiff asserts that the instant litigation arises from Apparel's alleged business activities in importing counterfeit Sean John® boxer shorts for its "New Jersey client" JMW Sales of Totowa.  However, Plaintiff has not shown that Apparel purposefully directed its activities at New Jersey residents.  Plaintiff Exhibit 2, which Plaintiff claims "clearly shows Apparel admitted that it imported boxer shorts into the United States for JMW Sales of Totowa, New Jersey," does not persuade the Court.  (See Haroutunian Affidavit ¶9; Exhibit 2.)   Rather, Exhibit 2 merely proves to the Court that certain "Sean John" boxer shorts were intended to be shipped to JMW Sales, and that Kathryn Del Calvo of Fashion Importers, Inc. was trying to resell them.  (Id. at Ex. 2.)  Plaintiff has not provided any proof that Kathryn Del Calvo was acting as an agent of Defendant Apparel or that Apparel was even involved in this transportation.  Plaintiff's Exhibit 4 and 5 are also not persuasive.  (Id at Ex. 4, 5). Exhibit 4 is a copy of an invoice between JMW Sales and Apparel.  (Id.)  However, JMW Sales is not a party to this lawsuit, thus belying Plaintiff's claims that Apparel's conduct gave rise to this lawsuit.

Plaintiff asserts that Exhibit 5, a printout of Apparel's interactive web page, evidences Apparel solicits business in New Jersey.  However, the operation of a commercially interactive website in a forum state will not support an inference of personal jurisdiction unless there is additional evidence that the defendant has "purposefully availed" itself of the privilege of engaging in activity in that state.  Toys ""R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3rd Cir. 2003).  To satisfy the "purposeful availment" requirement, a plaintiff must show that the

defendant web site operator intentionally targeted the site to the forum state, and/or knowingly conducted business with forum state residents via the site. Id. At 452. Here, Plaintiff has made no such showing. Rather, the presented facts indicate a dearth of contact between Apparel and the State of New Jersey. As such, the Court finds that Plaintiff has failed to show that specific jurisdiction exists over Defendant Apparel.

### 2) *General Jurisdiction*

General jurisdiction exists when a defendant engages in "continuous and systematic" contacts with the forum state, whether or not the contacts are related to the injury giving rise to the cause of action. Remick, 238 F.3d at 255. The greater reach of general jurisdiction requires "significantly more than mere minimum contacts," and the plaintiff seeking to exert general jurisdiction must show that the defendant's contacts with the forum are "continuous and substantial." Provident Nat'l Bank, 819 F.2d at 437 (citations omitted). The threshold for the exercise of general jurisdiction, then, is significantly higher than for the exercise of specific jurisdiction. Amberson Holdings LLC, Inc. v. Westside Story Newspaper, 110 F.Supp.2d 332, 334 (D.N.J.2000) (citing Provident Nat'l Bank, 819 F.2d at 437).

The Court has determined, *supra*, that specific jurisdiction is lacking. As such, to support the exercise of jurisdiction over this action, Plaintiff must show that Apparel's contacts with the State of New Jersey are sufficiently continuous and systematic.

Plaintiff's main argument in favor of the finding of general jurisdiction is that Apparel is present in New Jersey by virtue of having become a "mere department" of Crowley Logistics. (Def. Mov Br. at 3). The Court notes that Plaintiff's assertions that Apparel is present here in

person by virtue of the fact it was acquired by Crowley Logistics is misguided. The fact that a parent company does business in a forum state does not provide a basis for exercising jurisdiction over a subsidiary. This Court must respect the distinct corporate identities of these entities, unless there is sufficient evidence to demonstrate that Crowley was acting as an agent or "alter ego" of defendant. See Seltzer v. I.O.C. Optics, Ltd., 339 F. Supp. 2d 601, 609; see also BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 262-63 (3d Cir. 2000) (refusing to pierce corporate veil and assert general jurisdiction over one entity for the activity of another). Furthermore, Apparel owns no property, has no employees, keeps no bank accounts, operates no offices, maintains no mailing address, and has designated no agent for service of process in New Jersey. Consequently, an exercise of general in personam jurisdiction over this Defendant would not comport with due process.

### III. CONCLUSION

For the foregoing reasons, Defendant Apparel's motion to dismiss for lack of in personam jurisdiction is **granted**. An appropriate Order accompanies this Opinion.

                                    S/   Dennis M. Cavanaugh
                                    Dennis M. Cavanaugh, U.S.D.J.

Date:        March 31, 2006
Original:   Clerk's Office
Copies:    All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
                File